JEFFREY A. BERGER  SBN 104227
BERGER LAW OFFICES
586 N. First Street, Suite 210
San Jose, CA 95112
Telephone: (408) 368-6136
Facsimile: (800) 414-0017
Email: jab@jablawoffices.com

Attorneys for Creditor
DIVERSIFIED VENTURE CAPITAL, INC.

UNITED STATES BANKRUPTCY COURT

NORTHER DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| In re:<br><br>KEITH NGUYEN aka KEITH KHOA NGUYEN<br><br>Debtor.<br><br>DIVERSIFIED VENTURE CAPITAL, INC.<br><br>vs.<br><br>KEITH NGUYEN aka KEITH KHOA NGUYEN | Case No.  16-53406 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br>**COUNT I - DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A); AND,**<br>**COUNT II - OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§727(a)(2)(A), 727(a)(3), 727(a)(4)(A)** |

DIVERSIFIED VENTURE CAPITAL, INC. ("DVC"), as Plaintiff herein, complains of KEITH NGUYEN aka KEITH KHOA NGUYEN ("DEBTOR" or "NGUYEN") and otherwise alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over the subject matter of this adversary proceeding

1
COMPLAINT

pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Northern District of California. This adversary proceeding relates to the Chapter 7 case of NGUYEN, Case No. 16-53406 MEH, now pending in the United States District Court for the Northern District of California. This matter is a core proceeding pursuant to 28 U.S.C. §157.

## GENERAL ALLEGATIONS

2. On December 2, 2016, Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code and for an order for relief, that was entered on that date.

3. When Debtor filed said petition, he was on the eve of the commencement of trial as a Defendant and Cross Defendant in an action filed by DVC as the Plaintiff in the Santa Clara County Superior Court under the caption and docket number of DVC v. NGUYEN, et al, Case No. 1-15-CV 276804 ("DVC Action"). Specifically, those proceedings involved a challenge to NGUYEN's fraudulent conduct in the sale to DVC of a gas station and automobile repair facility called Truman Auto Care and located 17015 Monterey Street in Morgan Hill ("Business").

4. At all relevant times set forth herein, DVC was a corporation duly organized and existing under the laws of the State of California, with its principle place of business located in Santa Clara County, California.

5. The DVC Action further alleged that a Defendant therein, Hai Trieu That Ton (hereinafter "Ton"), was an individual residing in Santa Clara County, California.

6. On or about July 3, 2013, Plaintiff executed an Asset Purchase Agreement (hereinafter, "Contract") with Ton for the purchase of the Business. A material and substantial part of what the DVC purchased was the income to be derived from the auto repairs that would be performed at the Business. Accordingly, $100,000 of the $345,000 purchase price was allocated to

Paragraph 17 of the Contract - a covenant not to compete that precluded Ton, as the owner and seller of the Business, from directly or indirectly carrying on a similar business or soliciting the customers of the Business within a radius of 2 miles for a period of 2 years.

7. DVC was reasonably unaware that at the time of entering into the Contract that Ton was a classic, 'Straw Man' who, other than the lending of his name, had no involvement in the ownership, management, control or operation of the Business because actual and sole owner of the Business, who solely provided all of its management, operation and control was Defendant NGUYEN. Plaintiff did not reasonably become aware until after the close of escrow for the purchase of the Business that the actual ownership, operation, management and control of the Business was held by NGUYEN and that Ton's only involvement in the Business was as a Straw Man for NGUYEN.

8. On or about July 3, 2013, Ton and NGUYEN unlawfully agreed and conspired with each other to sell the Business to Plaintiff in the name of Ton alone and to conceal and otherwise not disclose that Defendant NGUYEN was the actual owner, operator, manager and controller of the Business. This was done so that the Business would be sold at a higher price and render worthless the covenant not to compete contained in Paragraph 17 of the Contract because Defendant NGUYEN had planned and conspired with Ton to thereafter open an auto repair facility ("SPA") in direct competition with the Business and that would usurp, solicit and otherwise misappropriate the customers of the Business.

9. On or about July 3, 2013 and continuing before the close of escrow for the Contract, Defendant NGUYEN, according to his unlawful agreement and conspiracy alleged above, intentionally, falsely and fraudulently misrepresented to DVC's authorized agents that he was in fact Defendant Ton and that as Defendant Ton, he was the actual and sole owner, operator,

manager and controller of the Business. These promises and misrepresentations were contained in the written Contract and the written disclosures and other writings related to the Contract and they were made orally by Defendant NGUYEN in various conversations Defendant NGUYEN had with the authorized agents of DVC before the close of escrow for the sale of the Business.

10. Said promises and misrepresentations were false and were made with the intent to induce DVC to execute the Contract and thereby purchase the Business at an artificially inflated and higher price because the purported covenant not to compete was being circumvented and secretly rendered worthless.

11. DVC, at the time these misrepresentation and promises were made and at the time it took the actions herein alleged, was reasonably unaware of Defendant NGUYEN's actual ownership, management and control of the Business and his unlawful conspiracy and agreement with Ton and it could not, in the exercise of reasonable diligence, have discovered Defendant NGUYEN'S secret intentions. In reliance on said misrepresentations and promises of Defendant NGUYEN, DVC did in fact execute and fully perform the Contract.

12. If DVC had known of the actual facts, plan and intentions of Defendant NGUYEN as alleged herein, it would not have signed the Contract and otherwise acted as alleged herein.

13. As a legal and proximate result of Defendant NGUYEN's fraud and deceit, as alleged herein, DVC has suffered general, compensatory and special damages, including but not limited to a loss of earnings, profits, income, goodwill and business reputation, all in a sum in excess of $500,000, according to proof at the time of trial.

14. The aforementioned actions of Defendant NGUYEN were despicable, willful and malicious and were intended to oppress and cause injury and damage to DVC, therefore entitling DVC to an award of exemplary or punitive damages against Defendant NGUYEN, according to

4

COMPLAINT

proof at the time of trial.

## COUNT I
### (NONDISCHARGEABILITY OF DEBT FOR MONEY OBTAINED BY FALSE PRETENSES, FALSE REPRESENTATIONS OR ACTUAL FRAUD)

15. Plaintiff DVC incorporates by reference the allegations of paragraphs 1 through 14, as though fully set forth herein.

16. All of the sums/debt owed to DVC by Defendant NGUYEN, as alleged above, is non-dischargeable as it is a debt for money obtained by false pretenses, false representations or actual fraud within the meaning of 11 U.S.C. §523(a)(2)(A).

WHEREFORE, DVC prays judgment against Defendant NGUYEN, and each of them, as hereinafter set forth.

## COUNT II
### (OBJECTION TO DEBTOR'S DISCHARGE)

17. Plaintiff DVC incorporates by reference the allegations of paragraphs 1 through 14, as though fully set forth herein.

18. The Debtor, in his operation of SPA and the Business, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which Defendant NGUYEN's financial condition or business transactions might be ascertained.

19. The Debtor, in his filings in the above-referenced and captioned Chapter 7 proceeding, has intentionally, falsely and fraudulently made a false oath and account of his true financial assets, including but not limited to:

    (a) his actual interest in various parcels of real estate that are fraudulently recorded and held in the name of family members and other third parties;

    (b) his actual interest in various assets (e.g., a red Ferrari automobile) and

financial accounts that are fraudulently concealed and/or held in the name of family members and other third parties;

    (c)    the proceeds he obtained from the sale of real estate and other assets that he obtained within one year of his filing of the instant a Chapter 7 petition.

WHEREFORE, DVC requests that this Court entered Judgment against Defendant NGUYEN as follows:

1. For an award of compensatory and special damages in a sum in excess of $500,000, in an amount according to proof at the time of trial;

2. For an award of punitive damages in an amount according to proof at the time of trial;

3. For a declaration and determination that the sums owed for compensatory, special and punitive damages as found in this adversary proceeding are non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A); or in the alternative:

4. For Judgment denying the Debtor's discharge pursuant to 11 U.S.C. §§727(a)(2)(A), 727(a)(3), 727(a)(4)(A);

5. For such other and further relief as the Court may deem just and proper.

Dated: March 13, 2017                        BERGER LAW OFFICES

                                      by,    /s/
                                          Jeffrey A. Berger, Attorney for Plaintiff
                                          DIVERSIFIED VENTURE CAPITAL, INC.